MJD/dat                                                                                                                             240-471

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 14-826-MJR-PMF |
| JUNEAU ASSOCIATES, INC., P.C.; and NANCY MEHOCHKO, Special Administrator of the ESTATE OF GREGORY MEHOCHKO, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Hartford Casualty Insurance Company ("Hartford"), by its attorneys, Michael J. Duffy and Ashley J. Conaghan of Tressler LLP, and for its Complaint for Declaratory Judgment against the Defendants, JUNEAU ASSOCAITES, INC., P.C. ("Juneau"); and NANCY MEHOCHKO, Special Administrator of the ESTATE OF GREGORY MEHOCHKO ("Mehochko"), states as follows:

### INTRODUCTION

1. Hartford seeks a declaration of the rights and/or obligations of the parties to an insurance contract with respect to the Juneau's liability in a suit pending in Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois entitled <u>Nancy Mehochko, Special Administrator of the Estate of Gregory Mehochko v. Southwestern Electric Cooperative, Inc. et al,</u> Court No. 13 L 138 (hereinafter the "<u>Mehochko</u> lawsuit"). (See, Exhibit A). Juneau sought a defense and

indemnification for its liability in the <u>Mehochko</u> lawsuit from Hartford under a general liability contract of insurance issued by Hartford to Juneau.  Hartford denies both defense and indemnity to Juneau for the <u>Mehochko</u> lawsuit.  Hartford requests herein that this Court declare the rights and obligations of the parties under the insurance contract pursuant to 28 U.S.C. § 2201, <u>et</u> <u>seq</u>., and finding and declaring that Hartford owes no coverage obligations to Juneau with respect to its liability in the <u>Mehochko</u> lawsuit.

## **JURISDICTION AND VENUE**

2. Hartford is an Indiana corporation with its principal place of business in Hartford, Connecticut.

3. Defendant, Juneau, is an Illinois corporation with its principal place of business in Illinois.

4. Defendant Nancy Mehochko is an Illinois citizen appointed as Special Administrator of the Estate of Gregory Mehochko by the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois. Mehochko is joined herein as an interested party solely to be bound by the judgment of this Court.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because this is a civil action founded on diversity of citizenship involving a matter in which a substantial part of the events giving rise to the claim occurred, insofar as the policy of insurance issued by Hartford to Juneau was negotiated and delivered to Juneau in this judicial district.  Also, the claim for

coverage by Juneau concerns a suit pending within the geographical boundaries of this judicial district and an accident which also took place in this district.

## FACTUAL BACKGROUND

7. At all relevant times, Plaintiff, Hartford, was duly authorized under the laws of the State of Illinois to engage in the business of writing various types of insurance, including general liability policies.

8. Hartford issued a policy of liability insurance to Juneau bearing policy No. 84 SBW VN0881 DD, with an effective period of January 17, 2013 to January 17, 2014. A copy of Hartford's policy is attached hereto as Exhibit B.

9. Defendant Juneau is a professional corporation which provides engineering services to various private and public clients.

10. On or about October 1, 2006, Juneau entered into a "Preliminary/Construction Engineering Services Agreement" with the Village of Maryville, Illinois, whereby Juneau agreed to provide certain professional engineering services with respect to the design and reconstruction of Lakeview Acres Road from East Main Street to Illinois State Route 162. A copy of this contract is attached hereto as Exhibit C, and is hereinafter referred to as the "Juneau/Maryville Contract." The Juneau/Maryville Contract included Juneau's engineering services at or near the intersection of Illinois State Route 162 and Lakeview Acres Road in Maryville, Illinois.

11. Mehochko filed a Second Amended Complaint against Juneau in the Mehochko lawsuit on May 14, 2014. See, Exhibit A.

12. Mehochko alleges that on or about January 23, 2013, Gregory Mehochko was electrocuted while working as a laborer at a construction project near the intersection of Illinois State Route 162 and Lakeview Acres Road in Maryville, Illinois.  Gregory Mehochko died as a result of his injuries on February 12, 2013.

13. The construction project described in the Mehochko suit is the same project which is the subject of the Juneau/Maryville Contract.

14. On or about May 20, 2014, Juneau tendered its defense in the Mehochko lawsuit to Hartford.

15. Hartford received Juneau's tender of the Mehochko lawsuit on May 20, 2014. This was Hartford's first notice of the Mehochko lawsuit and the incident described therein.

16. The Hartford policy contains the following provisions:

\*   \*   \*

  B.   **EXCLUSIONS**

  1.   **Applicable To Business Liability Coverage**

  This insurance does not apply to:

\*   \*   \*

  j.   **Professional Services**

  "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional service.  This includes but is not limited to:

  (1)   Legal, accounting or advertising services;

  (2)   Preparing, approving, or failing to prepare or approve maps, shop

4

>   drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications;
>
> (3) Supervisory, inspection, architectural or engineering activities;
>
> (4) Medical, surgical, dental, x-ray or nursing services treatment, advice or instruction;
>
> (5) Any health or therapeutic service treatment, advice or instruction;
>
> (6) Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming;
>
> (7) Optical or hearing aid services including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;
>
> (8) Optometry or optometric services including but not limited to examination of the eyes and the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products;
>
> (9) Any:
>
> > (a) Body piercing (not including ear piercing);
> >
> > (b) Tattooing, including but not limited to the insertion of

5

          pigments into or under the skin; and

      (c)     Similar services;

(10)    Services in the practice of pharmacy; and

(11)    Computer consulting, design or programming services, including web site design.

Paragraphs **(4)** and **(5)** of this exclusion do not apply to the Incidental Medical Malpractice coverage afforded under Paragraph **1.e**. in Section **A**. - Coverages.

           \*      \*      \*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABIILTY**

This endorsement modifies insurance provided under the following:

          **BUSINESS LIABILITY COVERAGE FORM**

1.    The following exclusion is added to Paragraph 1., Applicable to Business Liability Coverage (SECTION B. – EXCLUSIONS):

This insurance does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by:

a.    Any insured; or

b.    Any engineering, architectural or surveying firm that is performing work on your behalf in such capacity.

6

2. Professional services include:

   a. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications; and

   b. Supervisory, inspection, architectural or engineering activities.

* * *

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION – ENGINEERS, ARCHITECTS OR SURVEYORS PROFESSIONAL LIABIILTY**

This endorsement modifies insurance provided under the following:

Umbrella liability provisions

1. The following exclusion is added to **B., Exclusions** (SECTION **I** – COVERAGES):

   This policy does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of the rendering of or the failure to render any professional services by:

   a. Any "insured"; or

   b. Any engineering, architectural or surveying firm that is performing work on our behalf in such capacity.

2. Professional services include:

   a. The preparing, approving, or failure to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, designs or drawings and specifications; and

   b. Supervisory, inspection, architectural or engineering activities.

\* \* \*

E. **LIABILITY AND MEDICAL EXPENSES GENERAL CONDITIONS**

\* \* \*

2. **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a. **Notice Of Occurrence Or Offense**

      You or any additional insured must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence" or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. **Notice of Claim**

      If a claim is made or "suit" is brought against any insured, you or any additional insured must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable.

      You or any additional insured must see to it that we receive a written notice of the claim or "suit" as soon as practicable.

8

    c.    **Assistance And Cooperation Of The Insured**

You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, settlement of the claim or defenses against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

    d.    **Obligations At The Insured's Own Cost**

No insured will, except at that insured's own cost, voluntarily make a payment, assume an obligation, or incur any expense, other than for first aid, without our consent.

    e.    **Additional Insured's Other Insurance**

If we cover a claim or "suit" under this Coverage Part that may also be covered by other insurance available to an additional insured, such additional insured must submit such claim or "suit" to the other insurer for defense and indemnity.

However, this provision does not apply to the extent that you have agreed in a written contract, written contract or

9

> permit that this insurance is primary and non-contributory with the additional insured's own insurance.
>
> f. **Knowledge Of An Occurrence, Offense, Claim Or Suit**
>
> Paragraphs **a**. and **b**. apply to you or to any addition insured only when such "occurrence," offense, claim or "suit" is known to:
>
> (1) You or any additional insure that is an individual;
>
> (2) Any partner, if you or an additional insured is a partnership;
>
> (3) Any manager, if you or an additional insured is a limited liability company;
>
> (4) Any "executive officer" or insurance manager, if you or an additional insured is a corporation;
>
> (5) Any trustee, if you or an additional insured is a trust; or
>
> (6) Any elected or appointed official, if you or an additional insured is a political subdivision or public entity
>
> \* \* \*

(See, Exhibit B).

## COUNT I

### (NOTICE)

17. Hartford incorporates and restates Paragraphs 1 through 16 above as if fully set forth herein.

18. Hartford has no duty to defend or indemnify Juneau in the <u>Mehochko</u> lawsuit since Juneau breached the notice provision in the policy because Hartford failed to receive timely notice of the accident described in the <u>Mehochko</u> lawsuit.

19. An actual and justiciable controversy currently exists between the parties with respect to their respective rights and obligations under the Hartford policy, this Court has the power to make binding declarations of the rights and obligations of the parties herein, and to adjudicate the dispute between the parties herein.

Wherefore, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A. Finding that Hartford Casualty Insurance Company owes no duty to defend or indemnify Juneau in the <u>Mehochko</u> lawsuit; and

B. For all such just and equitable relief, including costs for this suit.

## COUNT II

### (PROFESSIONAL SERVICES EXCLUSIONS)

20. Hartford incorporates and restates the allegations of paragraphs 1 through 16 above as if fully set forth herein.

21. Hartford has no duty to defend or indemnify Juneau in the <u>Mehochko</u> lawsuit since the alleged accident arises from Juneau's "professional services" as an engineer, which are excluded under the Hartford policy.

22. An actual and justiciable controversy currently exists between the parties with respect to their respective rights and obligations under the Hartford policy, this Court has the

power to make binding declarations of the rights and obligations of the parties herein, and to adjudicate the dispute between the parties herein.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company, prays that this Court enter the following relief:

A. Finding that Hartford Casualty Insurance Company owes no duty to defend or indemnify Juneau in the <u>Mehochko</u> lawsuit; and

B. For all such just and equitable relief, including costs for this suit.

Respectfully submitted,

HARTFORD CASUALTY INSURANCE COMPANY


By: _____/s/ Ashley L. Conaghan_____
One of its Attorneys


Michael J. Duffy (#6196669)(mduffy@tresslerllp.com)
Ashley J. Conaghan (#6303052)(aconaghan@tresslerllp.com)
TRESSLER, LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois  60606-6308
(312) 627-4000

CHICAGO1-#610958-v1-Complaint