## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HARTFORD CASUALTY** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 14-cv-0826-MJR-PMF** |
| ) | |
| **JUNEAU ASSOCIATES, INC., P.C.,** ) | |
| **and NANCY MEHOCHKO,** ) | |
| **Special Administrator of the** ) | |
| **Estate of Gregory Mehochko,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

In July 2014, Hartford Casualty Insurance Company filed suit in this District Court asking the undersigned to declare that Hartford has no duty to defend or indemnify Juneau Associates, Inc. in an underlying wrongful death/survival action, ***Nancy Mehochko v. Southwestern Electric Cooperative, Inc.,*** in the Circuit Court of St. Clair County, Illinois.  Pending now before this Court are cross-motions for summary judgment -- Hartford's June 16, 2015 motion for summary judgment which ripened on August 17, 2015, and Juneau's July 20, 2015 motion for summary judgment which ripened on August 28, 2015.

Before the Court can reach the merits of the cross-motions, one preliminary matter must be resolved.  On August 17, 2015, Hartford moved the undersigned to refrain from ruling on *Juneau's* cross-motion for summary judgment and allow Hartford

1

additional time "to obtain evidence necessary to a determination of its coverage obligations" (Doc. 33, p. 1).   Hartford explains that it "recently learned" that in addition to being an insured under the policy at issue herein (an insurance policy issued by Hartford to Juneau, bearing policy number 84 SBW VN0881 DD, with an effective period of January 17, 2013 to January 17, 2014, "the Hartford Policy") and a professional liability insurance policy issued by Beazley Insurance Company, Inc. ("the Beazley policy"), Juneau *also* is insured under a liability policy issued to Thiems Construction Company by Old Republic Surety Company ("the Old Republic policy").   Hartford maintains that it needs to obtain and review the Old Republic policy, the terms of which are potentially dispositive as to Hartford's duty to defend and indemnify Juneau in the underlying lawsuit, based on the "Other Insurance Provision" of the Hartford Policy.

Hartford's request that the Court refrain from ruling on Juneau's summary judgment motion is based on Federal Rule of Civil Procedure 56(d).   Rule 56(d) allows a nonmoving party to submit an affidavit or declaration requesting the court to defer considering or deny a summary judgment motion "in order to allow for appropriate discovery to address matters raised by the [summary judgment] motion.  *Spierer v. Rossman,* **-- F.3d --, 2015 WL 4772835, \*3 (7th Cir. Aug. 14, 2015),** *citing* FED. R. CIV. P. **56(d).** Rule 56(d) provides:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> **(1)** defer considering the motion or deny it;
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
> **(3)** issue any other appropriate order.

Thus, Rule 56(d) "permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that 'it cannot present facts essential to justify its opposition'" of the summary judgment motion. ***Sterk v. Redbox Automated Retail, LLC,* 770 F.3d 618, 627-28 (7th Cir. 2014).** Rule 56(d) places the burden on the summary judgment non-movant (i.e., Hartford on Juneau's motion) to state the reasons why it cannot adequately respond to the summary judgment motion without further discovery. ***Sterk,* 770 F.3d at 628, *quoting Deere & Co. v. Ohio Gear,* 462 F.3d 701, 706 (7th Cir. 2006).** A district court enjoys broad discretion to deny a Rule 56(f) motion, but it is improper to decide summary judgment without first ruling on a Rule 56(f) motion. ***Dewitt v. Corizon, Inc.,* 760 F.3d 654, 660 (7th Cir. 2014).**

In the case at bar, Hartford asks the undersigned to hold off deciding Juneau's motion until Hartford gets/reviews the Old Republic policy and determines whether that policy triggers application of the "Other Insurance Provision" in the Hartford Policy. If so, then Hartford would like to supplement its "response to Juneau's cross-motion for summary judgment" (Doc. 33, p. 1). Hartford has sufficiently specified the reasons the additional discovery material (the Old Republic policy) is needed and shown that the Old Republic policy may be quite relevant to the issues presented in Juneau's summary judgment motion. Of course, the Old Republic policy may also, then, be quite relevant to Hartford's own summary judgment motion, and both Hartford and Juneau would have to be given a chance to supplement their briefs on the respective motions.

3

Hartford has submitted an affidavit in support of the Rule 56(d) motion (*see* Doc. 33-1, Affidavit of Lindsey Dean) which attests that Hartford first learned that Juneau was an additional insured under the Old Republic policy during a May 21, 2015 deposition, that after the deposition Juneau produced its tender letter to Old Republic but did not produce a copy of the Old Republic policy itself, that in response to a request for the Old Republic policy, counsel informed Lindsey Dean that Juneau did not have a copy of the Old Republic policy, and that on August 14, 2015, Hartford issued a subpoena directed at the Old Republic policy.

Juneau opposes Hartford's Rule 56(d) request to defer ruling, essentially arguing that Hartford could have learned of and sought to obtain the Old Republic policy sooner. Juneau's argument has some first-blush appeal, but the record before the Court adequately refutes the idea that foot-dragging by Hartford resulted in an eleventh-hour discovery request. Hartford did request all documents pertaining to Juneau's notice to *any other* insurers about the underlying lawsuit or the accident described therein, in response to which Juneau produced information regarding the existence of the Beazley policy. It appears that the existence of the Old Republic policy surfaced during a May 2015 deposition, that Juneau followed up with a request for that policy in July 24, 2015 (*see* Doc. 33-1, p. 2), and that Hartford was told that Juneau did not have a copy of the Old Republic policy. Hartford then issued a subpoena requesting the Old Republic policy on August 14, 2015. All of this occurred before the discovery deadline elapsed on August 15, 2015.

4

Hartford has satisfied the showing required by Rule 56(d), and the Court will allow a brief period of time for Hartford to obtain and review the Old Republic policy. The Court, however, agrees with Juneau that the issues presented in the parties' cross-motions for summary judgment are closely inter-related (*see* Doc. 38, p. 3), and thus if the Court defers ruling on Juneau's motion for summary judgment it must also defer ruling on Hartford's motion for summary judgment.  Accordingly, the Court **GRANTS** Hartford's "Rule 56(d) Motion" (Doc. 33), **DEFERS RULING** on the parties' cross-motions for summary judgment (Docs. 24 and 28), and **AUTHORIZES** counsel for both Hartford and Juneau to file a six-page (or shorter) "Supplemental Brief Regarding Old Republic Policy" no later than **October 1, 2015**.

The Court **REFERS to Magistrate Judge Frazier** any disputes or issues arising from the discovery or production of the Old Republic policy.

Finally, the Court **DIRECTS** counsel for Plaintiff Hartford to address the status of service on the second named Defendant herein – Nancy Mehochko, Special Administrator of the Estate of Gregory Mehochko.  The docket sheet discloses no answer or other responsive pleading filed by Defendant Mehochko.  Nor is it clear whether she was served.  The discovery deadline has elapsed herein, and the trial is scheduled to commence in four months.  **No later than September 10, 2015**, Hartford shall file a **status report** as to service on Defendant Mehochko herein or take other appropriate action (i.e., move for clerk's entry of default if Mehochko was served and has failed to answer/move in response to the complaint; move for additional time to serve Mehochko, etc.).

IT IS SO ORDERED.

DATED September 1, 2015.

<u>**s/ Michael J. Reagan**</u>
Michael J. Reagan
United States District Judge